UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

LYLE ALLEN,                              :
              Plaintiff         :
                         :
              v.                 :       No. 5:24-cv-3194
                         :
PROTECTIVE INSURANCE COMPANY,            :
              Defendant          :

_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 5 – Granted in part, Denied in part**

**Joseph F. Leeson, Jr.**                               **September 26, 2024**
**United States District Judge**

## I.      INTRODUCTION

Lyle Allen has received significant medical treatment following a motor vehicle collision in December of 2022. Protective Insurance Company has refused to pay Allen's medical bills, as a consequence he has brought the instant suit for breach of contract and bad faith.

## II.     BACKGROUND

### A.     Factual Background

The factual allegations, taken from the Complaint, *see* Compl. ECF No. 1-1, are as follows:

Lyle Allen and Protective Insurance Company entered into a contract providing Allen with first-party medical and temporary total disability benefits.  Compl. ¶ 3.  Further, "Allen paid additional premiums for increased first-party Occupational Accident benefits."  *Id*. ¶ 4.  On December 6, 2022, Allen sustained significant injuries in a motor vehicle collision and has had to undergo considerable medical treatment as a result.  *Id*. ¶¶ 5, 6.

Allen and his providers have requested that Protective pay for this treatment pursuant to the policy. *Id.* ¶ 9. In response, Protective scheduled an Independent Medical Examination of Allen on February 22, 2024. *Id.* ¶ 10. Ultimately, Protective has refused to pay for the treatment. *Id.* ¶ 13. Allen avers that Protective's course of conduct violates multiple Motor Vehicle Financial Responsibility Law ("MVFRL") provisions including 75 Pa. C.S. § 1797(b)'s statutory procedure governing peer review organizations. *Id.* ¶ 11.

In Count I, Allen asserts a claim for breach of contract. In Count II, Allen asserts a claim for bad faith.

### B.      Procedural Background

Allen initiated this action on May 21, 2024, by filing a complaint against Protective in the Northampton County Court of Common Pleas. On July 29, 2024, Protective removed the matter to this Court. *See* ECF No. 1. Presently before the Court is Protective's Motion to Dismiss. *See* ECF No. 5. In the alternative, Protective moves to strike all references to the MVFRL in the Complaint. The matter is fully briefed and ready for disposition. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.

## III.      LEGAL STANDARD

### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.   ANALYSIS

Since references to the MVFRL are interspersed into the allegations of the Complaint, the Court finds the following procedure appropriate to resolve this Motion.  First, it will decide whether the underlying policy is subject to the MVFRL.  Next, should the MVFRL not apply, it will disregard the averments premised on the MVFRL and assess the 12(b)(6) Motion on the averments that remain.

### A.   The MVFRL does not apply to the underlying policy

The Motor Vehicle Financial Responsibility Law relates to motor vehicles.  It was "enacted as a means of insurance reform to reduce the escalating costs of purchasing motor

vehicle insurance in our Commonwealth." *Danko v. Erie Ins. Exch.*, 630 A.2d 1219, 1222 (Pa. Super. 1993). To that end, the MVFRL "impose[s] mandatory obligations applicable to all automobile insurance providers in" Pennsylvania and establishes cost saving mechanisms aimed at reducing premiums. *Sayles v. Allstate Ins. Co*., 219 A.3d 1110, 1124 (Pa. 2019); *see also Pittsburgh Neurosurgery Assocs., Inc. v. Danner*, 733 A.2d 1279, 1282 (Pa. Super. 1999) ("The primary cost saving mechanism to reduce insurance premiums was the medical cost containment provisions of § 1797 of the Act.")

However, as its title would suggest, the MVFRL largely applies to just that — motor vehicle insurance policies. Here, the policy at issue does not regard a motor vehicle but is instead an occupational accident insurance policy which generally covers employees who are injured on the job. Accordingly, the Court finds that the MVFRL does not apply. *See Nat'l Union Fire Co. of Pittsburgh, PA. v. Toland*, 164 F. Supp. 3d 1330 (D. Wyo. 2016) (reasoning that "an occupational accident insurance policy is not automobile insurance as contemplated by the MVFRL.")

Allen avers that the underlying policy provides "benefits in the amount of $500,000 and weekly temporary totally disability under the applicable insurance policy . . . in accordance with the requirement of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. C.S.A. § 1711." Compl. ¶ 4. Section 1711, in turn, provides that, "[a]n insurer issuing or delivering liability insurance policies *covering any motor vehicle* of the type required to be registered under this title . . . shall include coverage providing a medical benefit in the amount of $5,000." 75 Pa. C.S.A. § 1711(a) (emphasis added). The Complaint also cites Section 1712(1) which requires that the "insurer issuing or delivering liability insurance policies *covering any*

*motor vehicle* of the type required to be registered under this title" must make available certain medical benefits.  *Id*. § 1712(1) (emphasis added).

A plain reading of the insurance policy at issue shows that it covers persons, not specific motor vehicles.  The terms of the contract define Occupational Accident as follows:

> **Occupational Accident** – means an **Accident** causing **Accidental Injury** or **Accidental Death** to a **Covered Person** or **Covered Helper** only while the **Covered Person** is under contract to the **Specified Entity** and a member of the **Sponsor** or under contract to one who is under contract to the **Specified Entity** or member of the **Sponsor**, and only while the **Covered Person** is **In Service** performing contractual obligations under said contract.

ECF No. 1-3.  Allen's claims are also premised on Section 1797(b) of the MVFRL which regards "peer review plans for challenging the reasonableness and necessity of treatment."  *Levine v. Travelers Prop. Cas. Ins. Co*., 69 A.3d 671, 676 (Pa. Super. 2013).  Allen avers that Protective has ignored these procedures in its flat denial of coverage for the bills and balances incurred.  However, there is nothing to suggest the underlying plan is subject to the MVFRL, its peer review procedure or otherwise.

"The Insurance Commissioner's regulations, as set forth at 31 Pa.Code §§ 69.1–69.55 implement and interpret § 1797 of the MVFRL."  *Bahoque-Deleon v. Krawczuk*, 2015 WL 7301823, at *3 (Pa. Super. 2015) (quoting *Pittsburgh Neurosurgery Associates, Inc. v. Danner*, 733 A.2d 1279, 1283 (Pa. Super. 1999).  The relevant regulation defines "insurer" as "[a] property and casualty insurance company providing coverage under *automobile insurance policies* to residents of this Commonwealth." 31 Pa. Code § 69.3 (emphasis added).  Again, because the relevant policy is not an automobile insurance policy, Protective does not appear to be an insurer within the scope of Section 1797.

Accordingly, the Court finds that the MVFRL does not apply to the underlying occupational accident insurance contract.  It now proceeds to the next question: disregarding

references to the MVFRL, does the Complaint nevertheless state a claim for breach of contract and/or bad faith?

### B.      Breach of Contract

Notwithstanding, the Court finds that Allen has stated a claim for breach of contract.  A successful breach of contract claim requires that a plaintiff establish three things: (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) the plaintiff suffered damages as a result of the breach.  *See Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002).  Disregarding the averments premised on the MVFRL, Allen alleges that he entered into a contract with Protective by purchasing the referenced insurance policy.  He further alleges that the insurance policy entitles him to certain first-party medical and temporary total disability benefits which have gone unpaid.  At this stage of the litigation, this is sufficient to state a claim for breach of contract.

Thus, with regard to Count I, the Motion to Dismiss is overruled.

### C.      Bad Faith

However, Allen's bad faith claim fails.  "To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim."  *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016).  To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will."  *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021).  "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by

factual allegations sufficient to raise the claims to a level of plausibility required to survive a

Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

The averments in support of Allen's bad faith claim are largely premised on Protective's

failure to adhere to the peer review procedures of the MVFRL which this Court now holds is

inapplicable. Beyond those allegations, Allen puts forth only threadbare legal conclusions. For

example, Allen avers that Protective "fail[ed] to exercise the utmost good faith in the discharge

of its duty" and that Protective "wrongfully refus[es] to pay for Allen's medical treatment."

Compl. ¶¶ 36(d)-(e). These averments are the sort of "bare-bones" conclusory allegations that

are routinely dismissed by courts in this jurisdiction. *See Leyman v. Econ. Fire & Cas. Co.*, No.

CV 23-3458, 2023 WL 8188444 (E.D. Pa. Nov. 27, 2023); *see also Smith v. State Farm Mut.*

*Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Camp v. N.J. Mfrs. Ins. Co.*, 2016 WL

3181743, at *5-6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins.* Co., 2015

WL 3444288 (E.D. Pa. May 28, 2015). Instead, Allen must "'describe who, what, where, when,

and how the alleged bad faith conduct occurred.'" *See Mattia v. Allstate Ins. Co.*, No. CIV.A.

14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (quoting *Miracle Temple Christian*

*Acad. v. Church Mut. Ins.* Co., No. 12–995, 2012 WL 1286751, at *4 (E.D.Pa. Apr.16, 2012)

Accordingly, the Court dismisses the claim for bad faith without prejudice.[1,2]

---

[1]    *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

[2]    In the alternative, Protective moves to strike references to the MVFRL from the Complaint. Consistent with the above analysis, the Court finds that references to the MVFRL are immaterial. However, the Motion offers no argument as to how these references prejudice Protective. Accordingly, the Court declines to strike the references. *See Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 534 (E.D. Pa. 2013) (quoting *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012)) ("Even where the challenged material

## V.      CONCLUSION

Notwithstanding Allen's references to the MVFRL, he has adequately stated a claim for breach of contract.  However, absent reference to the MVFRL, his claim for bad faith fails because it avers only bare legal conclusions unsupported by factual allegations.  Accordingly, the Motion to Dismiss is granted in part and denied in part.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.")
        Notwithstanding, while the Court's ordinary practice is to permit leave to amend the complaint as to any count dismissed without prejudice, the Court's Order in this matter will grant leave to amend both counts given the irrelevant references to the MVFRL in Count I.